UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL ELMAKHZOUMI,<br><br>    Plaintiff,<br><br>    v.<br><br>LORETTA E. LYNCH, et al.,<br><br>    Defendants. | Case No. 15-cv-03958-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Plaintiff Adil Elmakhzoumi has petitioned the Court to review the United States Citizenship and Immigration Services' May 2015 denial of his application to become a naturalized citizen of the United States. Dkt. No. 1. The government has moved to dismiss the petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. No. 15. The Court grants the motion.

**DISCUSSION**

In 2005, Elmakhzoumi was convicted by a California state jury for sodomy in violation of California Penal Code Section 286(i). Dkt. Nos. 15, 16. The parties agree that the only legal question before the Court is whether this conviction counts as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). *Id.* Under subsections (A) and (F) of that section, an aggravated felony includes "rape" as well as a "crime of violence."

The reason this matters here is because a person who is not of good moral character cannot be naturalized. 8 U.S.C. § 1427(a), (e). And under 8 U.S.C. § 1101(f), a person "who at any time has been convicted of an aggravated felony" is not a "person of good moral character."

The Court reviews the denial of plaintiff's naturalization application de novo. 8 U.S.C. § 1421(c). *United States v. Castro-Baez*, 217 F.3d 1057 (9th Cir. 2000), is controlling and

mandates dismissal. In *Castro-Baez*, the court considered "whether a rape conviction under Cal. Penal Code § 261 constitutes an 'aggravated felony' within the meaning of" the same statutory section at issue here, 8 U.S.C. § 1101(a)(43)(A), and concluded that it did. In reaching that conclusion, the *Castro-Baez* court compared the statutory definition of the crime at issue to the "ordinary usage" of the term "rape." *Id*. at 1059.

Applying that analysis here yields the same result. Elmakhzoumi was convicted under California Penal Code § 286(i). Under that section, "[a]ny person who commits an act of sodomy, where the victim is prevented from resisting by an intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment in the state prison for three, six, or eight years." "Sodomy" is defined in § 286(a) as "sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of sodomy."

Under *Castro-Baez*, this statutory definition is to be compared with the "'ordinary, contemporary, and common' understanding of the term rape," and our Circuit further held that "[i]n ordinary usage, rape is understood to include the act of engaging in non-consensual sexual intercourse with a person whose ability to resist has been substantially impaired by drugs or other intoxicants." 217 F.3d at 1059. That holding applies in full to the statutory definition for plaintiff's crime. The crime as defined by the statute is "non-consensual" ("victim is prevented from resisting . . ."); criminalizes a kind of "sexual intercourse" ("any sexual penetration . . . is sufficient to complete the crime"); and involves "a person whose ability to resist has been impaired by drugs or other intoxicants" ("the victim is prevented from resisting by an intoxicating or anesthetic substance").[1]

---

[1] In *Castro-Baez,* the petitioner's underlying conviction was for "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator," "[w]here a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused." Cal. Penal Code § 261(a)(3). This conviction was held to be a "rape" and therefore an "aggravated felony" under the same federal immigration statutes that are at issue in this case. The only difference between this case and *Castro-Baez* is that this case involves "sodomy" rather than an express "act of sexual intercourse" under the California Penal Code, but this is a difference without distinction.

Because the Court finds under *Castro-Baez* that a conviction under Cal. Penal Code § 286(i) constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43) as a "rape" under § 1101(a)(43)(A), there is no need to consider other subsections that might also have supported a finding that the conviction constituted an "aggravated felony." And because the USCIS' denial of plaintiff's naturalization application can be affirmed on this ground alone, the Court grants defendant's motion to dismiss under FRCP 12(b)(6). This is not an error plaintiff can cure through amendment, and the dismissal will consequently be with prejudice.

## CONCLUSION

The Clerk is directed to enter judgment in favor of the United States and close the case.

**IT IS SO ORDERED.**

Dated: June 15, 2016

JAMES DONATO
United States District Judge